UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LUIS EDUARDO SALAS RIVERA,<br><br>*Petitioner*,<br><br>v.<br><br>DEVERY MOONEYHAM, in his official capacity as the Warden of Limestone County Detention Facility, et al.,<br><br>*Respondent*. | No. 6:26-CV-526-CRW |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Luis Eduardo Salas Rivera's petition for a federal writ of habeas corpus (Dkt. No. 1). This cause was referred to the United States Magistrate Judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

The Magistrate Judge filed his Report and Recommendation on September 8, 2026. Dkt. No. 10. Federal Respondents[1] filed objections to the Report and Recommendation on September 22, 2026. Dkt. No. 11. Having reviewed the Report and Recommendation (Dkt. No. 10) and Respondents' response and objections (Dkt.

[1] The Department of Justice filed a response only on behalf of the federal employees: Field Office Director, Houston Field Office, U.S. Immigration and Customs Enforcement (ICE); David Venturella, Acting Director, ICE; and Markwayne Mullin, Secretary of Department of Homeland Security (DHS). Dkt. No. 11, n. 1.

No. 11), the Court has undertaken a *de novo* review of the case and applicable legal principles. The Court declines to adopt the Report and Recommendation entered by the Magistrate Judge. Instead, the Court enters the following order denying Salas Rivera's petition for writ of habeas corpus.

## I. BACKGROUND

Salas Rivera is a Mexican national who entered the United States without inspection in 2012. Dkt. No. 1 ¶ 18. Since then, he has lived and worked in the United States. *Id.* ¶¶ 18–19. Salas Rivera and his wife, a U.S. citizen, have three children, all of whom are also U.S. citizens. *Id.* ¶ 20. On June 14, 2026, a law enforcement officer stopped a vehicle in which Salas Rivera was a passenger. *Id.* ¶ 23. Law enforcement delivered him to Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 24. He was placed in removal proceedings and later transferred to the Limestone County Detention Center in Groesbeck, Texas, where he is being held without a bond hearing as he awaits removal proceedings. *Id.* ¶¶ 24–26.

Salas Rivera brought this petition for writ of habeas corpus, seeking "his immediate release and [to be] restore[d] to the circumstances in which he lived before his arrest." *Id.* ¶ 4. In other words, he seeks release so he can continue living and working in the United States. Alternatively, Salas Rivera asks this Court "to order the Government to provide an individualized bond hearing before a neutral immigration judge." *Id.*

On August 12, 2026, the Court ordered Respondents to show cause why habeas relief should not be granted. Dkt. No. 3. Federal Respondents responded,

stating that Salas Rivera was not entitled to habeas relief because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. No. 7 at 1.

## II. Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl.2). Federal courts have jurisdiction to hear these cases under 28 U.S.C. § 2241. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)). Detained aliens may use § 2241 habeas proceedings to challenge their detention. *Id.* at 688. The sole purpose of habeas "is to grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). The proper habeas relief is release from custody. *DHS v. Thuraissigiam*, 591 U.S. 103 (2020). Habeas petitioners must establish that they are entitled to relief. *Orman v. Cain*, 228 F.3d 616, 619 (5th Cir. 2000).

## III. Discussion

Salas Rivera fails to state a claim for habeas relief "because he has no constitutionally protected expectancy of release." *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). He has the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Salas Rivera cannot meet that burden.

Congress has "plenary power to make rules for the admission of aliens." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 864 (1982) (quoting *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972)); *see also Matter of Longstaff*, 716 F.2d 1439, 1442

(5th Cir. 1983) ("Congress has unbounded power to exclude aliens from admission to the United States"). Under section 1225(b), Congress mandates that aliens who have not lawfully entered the United States are subject to mandatory detention. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)). Salas Rivera undisputedly did not enter this country lawfully and is thus subject to mandatory detention under the laws of the United States.

The Supreme Court recognizes that the political departments' power to expel or exclude aliens is largely immune from judicial control. *Fiallo v. Bell*, 430 U.S. 787, 792 (1977). So the Court's authority to review congressionally mandated detention is limited. While all persons in the United States are protected under the Due Process Clause, "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). And the Supreme Court has "recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Id.* at 523.

As explained below, the government has not erroneously deprived Salas Rivera of the privilege to remain free in the country. And providing additional procedural protections would greatly burden the government. So Salas Rivera's detention is not in violation of our procedural-due-process precedent.

Salas Rivera's substantive-due-process argument fails, too. The due process clause only protects fundamental rights that are deeply rooted in this country's history and tradition. There is no deeply rooted fundamental right for noncitizens to

remain free in the United States. The due process clause does not protect Salas Rivera's asserted liberty interest.

Thus, Salas Rivera is not in custody in violation of the Constitution or laws of the United States and so is not entitled to habeas relief.

**A. Salas Rivera's statutory argument is precluded by *Buenrostro-Mendez* and fails under the statutory framework.**

"[A]liens who enter the United States without inspection and admission are subject to mandatory detention under [8 U.S.C.] §1225(b)(1)." *Buenrostro-Mendez*, 166 F.4th at 500. The Court is bound by this precedent.[2]

But even if not bound by its precedent, the Court finds that *Buenrostro-Mendez* is an accurate interpretation of the statutory framework. Section 1225 covers "applicants for admission." Under Title 8, "admission" and "admitted" refer to lawful entry into the United States after immigration officers' inspection and authorization. 8 U.S.C. § 1101(a)(13)(A). Section 1225 treats any "alien present in the United States who has not been admitted" as an "applicant for admission."

Applicants for admission under section 1225(b) fall into two camps. In the first camp, covered by § 1225(b)(1), are those who are inadmissible because of fraud, misrepresentation, lack of valid documentation; or those apprehended within two years of unlawful entry. *Id.* § 1225(b)(1)(A); *see also Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). These inadmissible aliens are generally subject to removal without

[2] The Court does not find that the Fifth Circuit's precedential stay pending en banc review requires staying this case. *See* Dkt. No. 7 at 2–4. The Circuit stayed cases where habeas relief had been granted by district courts. This Court finds that habeas relief should be denied. So the precedential stay does not apply.

hearing or review under an expedited removal process. *Id.*

All other applicants for admission fall into the second camp, covered by § 1225(b)(2). *Jennings*, 583 U.S. at 287. Section 1225(b)(2) requires these aliens "be detained for a removal proceeding" if an immigration officer "determines that they are not clearly and beyond a doubt entitled to be admitted." *Id.* at 288 (cleaned up) (citing § 1225(b)(2)(A)). Thus *Buenrostro-Mendez* accurately states the law under Title 8 and Supreme Court precedent.

**B. Salas Rivera's due-process arguments fail because he is not entitled to the privilege of being unrestrained in this country.**

Under the Fifth Amendment, "[n]o person shall … be deprived of … liberty without due process of law." U.S. Const. amend. V. The due process clause protects all "persons" in the United States, including all aliens. *Zadvydas*, 533 U.S. at 693. Courts have recognized two distinct but overlapping protections in the due process clause: substantive and procedural due process. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992) (discussing due process under the Fourteenth Amendment), *see also Reno v. Flores*, 507 U.S. 292, 301–02 (1993) (discussing substantive due process). Procedural due process guarantees a fair procedure for any government deprivation of liberty. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Substantive due process is broader. It "forbids the government to infringe certain 'fundamental' liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Flores*, 507 U.S. at 302 (emphasis in original).

Salas Rivera argues that his detention violates procedural and substantive

due process. Dkt. No. 1, ¶ 4. The Court rejects his procedural-due-process argument because Salas Rivera is only entitled to whatever procedures exist under the statutory framework. The Court also rejects Salas Rivera's substantive-due-process argument because aliens have no deeply-rooted right to be free in the United States when they have not been admitted into the country.

**1. Salas Rivera's procedural due-process argument fails under Supreme Court precedent.**

Courts generally apply the *Mathews v. Eldridge* factors to determine what process is required before the government impairs a protected interest. *Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991) (citing *Eldridge*, 424 U.S. at 335). But *Thuraissigiam* resolves that issue: an applicant for admission has "no entitlement to procedural rights other than those afforded by statute." *Thuraissigiam*, 591 U.S. at 107. So the Court need not engage in the *Eldridge* analysis. Still, the factors require no additional process than what is currently afforded under the statutory framework.

Under *Eldridge*, courts consider: (a) the liberty interest at stake; (b) the risk of erroneous deprivation of such interest through existing procedures, and the probable value of additional safeguards; and (c) the government's interest, including any additional burden to the government that providing additional safeguards would entail. *Eldridge*, 424 U.S. at 335.

Salas Rivera claims to have a liberty interest in being free from physical detention. Dkt. No. 1 ¶ 35. But what Salas Rivera really seeks is to be released from

custody into this country.[3] That is a privilege to which he is not entitled. *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982). Without having been admitted into the country, Salas Rivera simply has no right to be here.

So Salas Rivera has not been erroneously deprived of any right. Nor has he been erroneously deprived of the privilege of remaining in this country free from detention. Again, our laws grant Congress plenary power over the admission of immigrants. *United States v. Valenzuela-Bernal*, 458 U.S. at 864, *see also Thuraissigiam*, 591 U.S. at 139. As explained above, Congress's statutory framework mandates the detention of aliens who have not gained admission into the country. *Buenrostro-Mendez*, 166 F.4th 494.

The framework also provides procedural safeguards for aliens during removal proceedings. *E.g.*, 28 U.S.C. § 1229a(b)(3) (requiring the Attorney General to prescribe safeguards to protect the rights and privileges of an alien who cannot be present at a proceeding due to a mental incompetency); (b)(4) (mandating that an alien have a reasonable opportunity to examine and present evidence, and to cross-examine government witnesses); (c)(6) (allowing aliens who are ordered removed to file a motion to reconsider the removal order); (c)(7) (allowing aliens to reopen removal proceedings); 8 C.F.R. § 1003.3(a)(1) (requiring the government to notify a party affected by an immigration judge's appealable decision of that party's right to appeal).

---

[3] Alternatively, Petitioner seeks an individualized bond hearing. But habeas relief is limited to release from unlawful detention. *Thuraissigiam*, 591 U.S. at 117–119. Thus, the Court cannot grant this requested relief.

Finally, though an individualized bond hearing may not seem like a great additional burden, immigration courts and district courts are currently flooded with petitions. *See, e.g.*, *Rodriguez v. Ortega*, 180 F.4th 702, 709 (5th Cir. 2026), *vacated and reh'g en banc granted*, 181 F.4th 608 (5th Cir. 2026); *Tolipovich v. Bondi*, No. 3:26-CV-0762-X-BK, 2026 WL 914982, at *1 (N.D. Tex. Apr. 3, 2026); *Montero v. Garcia*, No.3:25-CV-00706-LS, 2026 WL 300783, at *1 (Feb. 2, 2026). Such a flood of petitions may submerge meritorious claims. *See Boyd v. Dutton*, 405 U.S. 1, 8 (1972), (Powell, J., dissenting).

Because the government has not erroneously deprived Salas Rivera of any right or privilege, and additional procedures would unduly burden the government, his procedural-due-process argument fails. He is not entitled to additional procedural safeguards under the *Eldridge* factors.

Additionally, *Zadvydas* does not require that the Court grant habeas. That case involved aliens who had been ordered removed after being admitted to the United States. *Zadvydas*, 533 U.S. at 684–85. Those aliens were detained pending removal. *Id.* But they could not be removed to their home countries, so their detention became indefinite. *Id.* The Supreme Court, applying a procedural-due-process analysis, held that the statute requiring detention pending removal contained an implicit reasonableness limitation. *Id.* at 690–99. But the *Zadvydas* Court also stated that "[a]liens who have not yet gained initial admission to this country would present a very different question." *Id.* at 682. Salas Rivera never gained admission to the United States. Dkt. No. 9 at 1. So the presumptive limits

under *Zadvydas* are inapplicable.

Salas Rivera further argues that his liberty interest "is not his alone" but rather belongs to his family. Dkt. No. 1 ¶ 36. But the Supreme Court in *Munoz* rejected this argument, holding "that a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." *Dep't of State v. Munoz*, 602 U.S. 899, 909 (2024). Salas Rivera's wife and children, all U.S. citizens, do not have a fundamental liberty interest in Salas Rivera, a noncitizen, being admitted to this country.

**2. Salas Rivera's substantive-due-process argument fails because the claimed liberty interest at stake—to be released and remain in the United States—is not deeply rooted in this nation's history and tradition.**

"When a fundamental right is at stake, the Government can act only by narrowly tailored means that serve a compelling state interest." *Munoz*, 602 U.S. at 910. A substantive-due-process analysis must begin with a careful description of the asserted right. *Flores*, 507 U.S. at 302. The due process clause only protects fundamental rights and liberties "deeply rooted in this Nation's history and tradition." *Munoz*, 602 U.S. at 910 (citing *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)).

Freedom from physical detention is not at issue in this case. *See Flores*, 507 U.S. at 302**.** Again, the asserted right at issue here is not a right at all, but a privilege. *See Landon*, 459 U.S. at 32; *Munoz*, 602 U.S. at 908. Salas Rivera seeks the privilege of being free from physical detention in this country. To say he merely asserts the right to be free from detention is not a "careful description" of the

asserted right. There is no deeply-rooted fundamental right or liberty for aliens to remain in the country without legal entry. “This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative.” *Thuraissigiam*, 591 U.S. at 139 (quoting *Landon*, 459 U.S. at 32). In fact, a “recognition of the Government’s sovereign authority to set the terms governing the admission and exclusion of noncitizens” is deeply rooted in this country’s history. *Munoz*, 602 U.S. at 911–12.

Salas Rivera’s substantive due process argument fails because he cannot demonstrate that he has the right to be free from physical detention in this country without legal admission. *See id.*

**C. Whether Salas Rivera’s arrest was unlawful is outside the scope of habeas review.**

Habeas is a narrow question: whether the habeas petitioner’s current detention is unlawful. *See Pierre*, 525 F.2d at 935–36. Habeas relief is not available to remedy defects in the petitioner’s original detention. *See U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923), *Abraham v. Wainwright*, 407 F.2d 826, 828 (5th Cir. 1969) (“Even if, arguendo, appellant’s arrest was illegal, that alone does not present grounds for habeas corpus relief”). As explained above, Congress—in its capacity to dictate the terms under which aliens may enter this country—has mandated that unadmitted aliens be held in detention. Salas Rivera is an unadmitted alien. The statutory framework provides him with fair process to challenge his detention. And he has no fundamental right to be free from physical

restraint in this country. Thus, the Court has determined that Salas Rivera's current detention is lawful. As such, the question of whether his initial arrest was unlawful is outside the scope of habeas review.

## IV. CONCLUSION

For the foregoing reasons, Salas Rivera's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

So ordered on October 14, 2026.

Chris Wolfe

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE